McCALEB, Justice.
*342 ■ This 'is a suit to recover $2,215.19 in property damage sustained as the result ■of a collision between plaintiff’s lumber truck and a gravel truck owned by the Department of Highways, which carried a public liability policy thereon issued by defendant. The accident occurred on a misty and drizzly day in March, 1952, at about 2:30 p. m. on State Highway Number 70, approximately ten miles east of Plain Dealing. This highway runs in an east-west- direction and is straight and level for a comsiderable distance at the site of the accident. The paving is about twenty feet wide and there are graded shoulders about six feet wide on both sides. Plaintiff’s truck was being driven in a westerly direction on the highway by its employee, Ernest Suggs, and the highway truck was being operated in the opposite, or easterly direction, by Roy V. Martin, an employee of the Department of Highways. Just as the trucks approached each other, the highway truck began to skid and swerved across the center line into the traffic lane occupied by plaintiff’s truck, striking it and causing the substantial damage for which recovery is sought.
As its sole defense to the action, defendant specially pleads that Martin, the driver of the highway truck, was without fault because he lost control when he was forced to apply his brakes in an effort to avoid striking a third truck operated by one T. A. McKenzie, which had been parked, facing ■east, on the south shoulder of the highway and which suddenly emerged from its 'stationary position onto the highway directly in front of the truck driven by Martin at the time his truck was about to pass plaintiff’s truck.
After hearing the evidence presented on this issue, the trial judge resolved in favor of the defendant. The case was then appealed to the Court of Appeal for the Second Circuit, which ordered it transferred here, the amount in dispute being within the appellate jurisdiction of this court as defined by Section 10 of Article 7 of the Constitution.
It will be seen from the foregoing 'statement that, forasmuch as it is admitted by defendant that the accident occurred through no fault of plaintiff’s driver and that contact between the vehicles was the result of the skidding of the highway truck over the center line of the. roadway, defendant carried the burden of establishing by a preponderance of evidence its special defense that the driver of the highway truck was nonetheless blameless and that the accident was solely attributable to the sudden emergency produced by the negligent act of the driver of the McKenzie truck.
To sustain its plea, defendant relied in the main on the evidence of Roy V. Martin, the driver of the highway truck, whose testimony is partially corroborated by his brother, William M. Martin, also a truck driver for the Highway Department, who *344 had driven over the highway a short distance ahead of his brother just prior to the accident. He stated that he was thoroughly familiar with the road, which was wide enough to provide ample space for vehicles traveling in opposite directions to pass under normal conditions; that, upon approaching the point where the accident subsequently occurred, he noticed the McKenzie truck parked on the shoulder of the road and that it was completely off the .black-topped portion when he passed it.
Roy Martin testified that he was a lifelong resident of Red River Parish and a licensed and experienced truck driver for the Louisiana Highway Department; that his truck was in excellent mechanical condition, having been checked and tested only four days prior .to the accident; that, as he drove east on the highway, he could see the McKenzie truck parked completely off the road on the right-hand shoulder and that he had no reason to suspect that it would suddenly veer out in front of him; that he also noticed plaintiff’s lumber truck coming from the opposite direction and that his truck and the lumber truck were traveling in their proper traffic lanes at speeds of about thirty or thirty-five miles per hour; that, when he reached a point approximately sixty feet from the parked McKenzie truck, its driver, without any warning, emerged onto the highway directly in front of him; that, confronted with this emergency, he immediately applied his brakes, but was unable to keep his truck in line due to the slickness of the road; that his truck began to swerve and skidded over the center line, coming in contact with the left front and side of the lumber truck, which had arrived on the scene just as the McKenzie truck moved onto the road from its stationary position.
We find the testimony of Roy Martin to be straightforward and reasonable, and the trial judge, who had the advantage of seeing and hearing him on the stand,' must have also been impressed by his statement.
In order to contradict Martin’s evidence, plaintiff produced Mr. McKenzie, his colored helper, Jim Hawthorn, and the latter’s common-law wife, Jessie Couch.[1] ’ Mr. McKenzie’s version of the accident is that he had stopped his truck .in front of the house of a negro laborer, named N. L. Handley, for the purpose of enlisting his assistance in certain farm operations; that he parked the truck facing east with tha left wheels on the black-topped paving and the right wheels on the south shoulder; that, after Handley had boarded the truck and they were ready to proceed, he (McKenzie) noticed the highway truck approaching from the rear and, believing that it might have difficulty in passing between his truck and the lumber truck, which was coming from the opposite direction, he *346 drove his truck completely off the black-top onto the shoulder of the road; that, just as •be did so, the lumber truck passed him and that almost instantaneously he heard a crash and realized that there had been an accident.
Jim Hawthorn, who was sitting in the front of the truck with Mr. McKenzie and two other laborers, did not see the accident and does not wholly corroborate Mr. McKenzie’s statement as to the time the truck was driven onto the shoulder of the road. He says that the truck was parked partially on the black-topped portion of the highway .and that Mr. McKenzie did not remove it completely onto the shoulder until after the occurrence of the accident.
Plaintiff’s other witness, Jessie Couch, states that she was on the front gallery of her house, which is located about 100 feet west of the point where the McKenzie truck was parked; that she noticed the highway truck just before the accident; that it was swerving on the road and that she turned her back because she felt certain that it would collide either with the McKenzie truck or the approaching lumber truck. Since this witness was unable to .approximate any distances between the vehicles at the time she looked or the speeds at which they were being driven (she says that the highway truck was not going fast), Tier testimony is not at variance with that of Roy Martin but, rather, is corroborative of ihe admitted fact that he lost control of the highway truck upon application of the brakes just prior to the impact.
On the other hand, Mr. McKenzie’s position, as partially supported by Hawthorn, is that he created no emergency whatever, as he proceeded off the road instead of onto the black-top pavement. This evidence, which is in direct contradiction to the testimony of Roy Martin, appears to be out of line with the reasonable probabilities of the case — for, to sustain it would require that we deduce that Martin lost complete control of his truck for no adequate cause at all. This seems unlikely as no one contends that Martin’s speed was excessive and there was not any reason, other than the unheralded maneuver of the McKenzie truck, for him to have suddenly applied his brake, causing him to lose control of the truck.
Counsel for plaintiff nevertheless theorize that the emergency was probably created by Martin’s failure to exercise a proper lookout; that he must have become confused when he noticed the McKenzie truck start; that he became panicky, applied his brakes quickly and too hard, thus causing his truck to go out of control and veer left of the center of the highway.
The hypothesis of counsel is necessarily predicated on an acceptance of Mr. McKenzie’s testimony over that‘of Roy Martin. The trial judge did not think such an appraisal was warranted and, after a perusal of the record, we do not detect error in his holding on the facts of the case.
The judgment appealed fr,om,is affirrped

. Plaintiff was unable to obtain the evidence of Suggs, the driver of its lumber truck. 'He had left his employment some time after the accident and plaintiff was not aware of his whereabouts at the time the case was tried.